IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARDIONET, LLC, et al., | : |
| Plaintiffs, | : CIVIL ACTION |
| v. | : NO. 12-2516 |
| THE SCOTTCARE CORPORATION, et al., | : |
| Defendants. | : |

**MEMORANDUM**

Tucker, J.                                                                             July_12___, 2018

In the present motion, Defendants, The ScottCare Corporation and Ambucor Health Solutions, Inc., ask that the Court grant their Motion for judgment on the pleadings or, in the alternative, summary judgment with respect to Plaintiffs' asserted claims of United States Patent Nos. 7,212,850 ("'850 Patent") and 7,907,996 ("'996 Patent") because these claims are patent-ineligible pursuant to 35 U.S.C. § 101. For the reasons set forth more fully below, Defendants' Motion is GRANTED.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs have alleged that Defendants infringed claims 31 and 32 of the '850 Patent and claims 1, 12, and 23 of the '996 Patent. (Second Am. Compl. ¶¶ 27–44, Doc. 58.) The patent claims are allegedly directed to "special purpose remote cardiac monitoring systems" that are useful in treating patients with arrhythmias including atrial fibrillation. (Pls.' Opp'n Defs.' Mot. J. Pleadings 1, Doc. 207.)

On June 2, 2017, Defendants filed the instant Motion arguing that Plaintiff is collaterally estopped from alleging infringement of claim 31 of the '850 Patent and claim 12 of the '996

Patent following the district court's decision in *CardioNet, LLC, et al. v. InfoBionic, Inc.*, 2017 U.S. Dist. LEXIS 68241 (D. Mass. May 4, 2017). In that case, in ruling on defendant's motion for judgment on the pleadings, the court determined that claim 31 of the '850 Patent and claim 12 of the '996 Patent are patent ineligible pursuant to 35 U.S.C. § 101. In *InfoBionic, Inc.*, the court concluded that claim 31 of the '850 Patent and claim 12 of the '996 Patent are directed to a common-sense "abstract idea of correlating one set of data to another." *Id.* at *21. The court explained:

> Claim 31 of the '850 Patent and Claim 12 of the '996 Patent, read in conjunction with the patent specifications, recite a system that receives computer-generated "arrhythmia information from the monitoring system and . . . human-assessed arrhythmia information from the monitoring station," U.S. Patent No. 7,212,850 col. 9 ll. 48-51, to "selectively present[] information regarding the identified events based on the measure of correlation" between the two sets of information, U.S. Patent No. 7,907,996 col. 1 ll. 45-47. The claimed system is analogous to a medical professional analyzing the physiological data and comparing his or her assessment with a colleague's second opinion. The medical professional also consolidates his or her assessment with that of his or her colleague, based on the same physiological data, to arrive at a more accurate diagnosis. This suggests that the claims are directed to the abstract idea of "a longstanding, well-known method of organizing human behavior," where a computer only facilitates such existing practices. *Bascom* [*Glob. Internet Servs., Inc. v. AT&T Mobility LLC*], 827 F.3d [1341,] 1348 [(Fed. Cir. 2016)].

*Id.* at *18–19. The court further concluded that "[the two claims at issue] do not add an inventive concept sufficient to be patent-eligible subject matter under Section 101." *Id.* at *24. The court then requested additional briefing as to whether the claims at issue were representative of all of Plaintiffs' '850 and '996 claims. *Id.* at *31. After considering the additional briefing, the court found that claim 31 of the '850 Patent and claim 12 of the '996 Patent were representative of all of Plaintiffs' claims in the '850 and '996 Patents. (Ex. D, Doc. 204.)

On June 11, 2015, the Parties negotiated and entered into a Stipulation, which was intended to remain in effect for the "remainder of this action." (Stipulation 1, Doc. 165.) Pursuant to the Parties' Stipulation, ScottCare agreed that it would "not assert in this action invalidity of: (a) any claims of CardionNet's United States Patent Nos. 7,907,996 . . . ." (Stipulation ¶ 4, Doc. 165.) ScottCare also stipulated that it would not challenge the validity of any claim of Patent '850 except claims 31 and 32. (Stipulation ¶¶ 1, 4, Doc. 165.) On June 7, 2017, the Court approved and adopted the Parties' Stipulation. (Order, Doc. 193.)

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed, as long as the party does so early enough not to delay the trial. Fed. R. Civ. P. 12(c). Courts in this Circuit construe motions for judgment on the pleadings that assert failure to state a claim under the same standard as motions to dismiss made pursuant to Rule 12(b)(6). *Katzenmoyer v. City of Reading*, 158 F. Supp. 2d 491, 496 (E.D. Pa. 2001). "The only notable difference between these two standards is that the court in a motion on the pleadings reviews not only the complaint but also the answer and written instruments attached to the pleadings." *Sprague v. Neil*, No. 1:05-CV-1605, 2007 WL 3085604, at *2 (M.D. Pa. Oct. 19, 2007).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A complaint is plausible on its face when its factual allegations allow a court to draw a reasonable inference that a defendant is liable for the harm alleged. *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010). A court must accept as true all factual allegations

contained in a complaint and interpret them in the light most favorable to the plaintiff. *Argueta v. U.S. Immigration & Customs Enf't*, 643 F.3d 60, 74 (3d Cir. 2011).

**III.    DISCUSSION**

Defendants argue that the *InfoBionic, Inc.* decision is a valid final judgment to which the Court should afford issue preclusive effect. Plaintiffs maintain that the *InfoBionic, Inc.* decision is entitled to no preclusive effect because it was an interlocutory ruling which is not appealable; therefore, it cannot constitute a final judgment.

In light of the United States Supreme Court's holding in *Blonder-Tongue Labs. v. University of Illinois Found.*, this Court finds that Plaintiffs are collaterally estopped from alleging infringement of the '850 Patent and '996 Patent because the court for the District of Massachusetts has made a prior determination that the these claims are patent ineligible. 402 U.S. 313 (1971). The doctrine of collateral estoppel, commonly referred to as issue preclusion, precludes a party from litigating a second time an issue that has previously been decided in a former judicial proceeding. *Scooper Dooper, Inc. v. Kraftco Corp.*, 494 F.2d 840, 844 (3d Cir. 1974). In *Blonder-Tongue*, the Supreme Court unanimously held that where a patent had been declared invalid in a prior adjudication, an unrelated defendant in a subsequent action for infringement may assert a collateral estoppel defense based on the previous judgment. 402 U.S. at 321; *Kaiser Indus. Corp. v. Jones & Laughlin Steel Corp.*, 515 F.2d 964, 976 (3d Cir. 1975). In its ruling, the Supreme Court created "a pragmatic formula that harmonized considerations of due process and judicial economy. It was aimed at producing substantial justice while avoiding needlessly repetitious litigation." *Kaiser Indus. Corp.*, 515 F.2d at 976–77.

Under Third Circuit law, in order to invoke the doctrine of collateral estoppel as a defense, a defendant must establish that: (1) the identical issue was previously adjudicated; (2)

4

the issue was actually litigated; (3) the previous determination of the issue was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action. *Stone v. Johnson*, 608 F. App'x. 126, 127 (3d Cir. 2015). The Third Circuit has also considered whether the issue was determined by a final and valid judgment. *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006).

The only element of collateral estoppel that Plaintiffs dispute is whether the *InfoBionic, Inc.* decision constituted a final judgment. Thus, the Court's discussion will focus on this element.

### A. The Issue Was Determined By A Final Judgment.

The Court finds that the Massachusetts District Court's decision, finding Plaintiffs' asserted claims in the '850 and '996 Patents patent-ineligible, constitutes a final judgment for collateral estoppel purposes because the Parties were fully heard on the issues, the Massachusetts District Court issued well-reasoned opinions, and although the orders were not immediately appealable, Plaintiffs have had a full and fair opportunity to litigate their claims.

There is no bright-line rule regarding what constitutes a "final judgment" for issue preclusion purposes. *Free Speech Coalition, Inc. v. AG of the United States*, 677 F.3d 519, 541 (3d Cir. 2012). However, "a prior adjudication of an issue in another action must be sufficiently firm to be accorded conclusive effect." *Id.* (internal quotations omitted). "Finality for purposes of issue preclusion is a more pliant concept than it would be in other contexts, and that finality may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again." *Id.* (internal quotations and citation omitted). When determining whether a prior ruling was sufficiently firm for preclusion purposes courts consider the following factors: (1) whether the parties were fully heard; (2)

whether a reasoned opinion was filed; and (3) whether that decision could have been, or actually was, appealed. *Id.* None of these factors alone are determinative. *Id.*

First, Plaintiffs were fully heard on the question of the validity of the '850 and '996 Patents. The Massachusetts District Court order addressed the same issues that are now before this Court. Plaintiffs were represented by competent counsel before the Massachusetts District Court and had a full opportunity to brief those issues. In fact, Plaintiffs put forth the same arguments before this Court as they did before the Massachusetts District Court in support of its position. Thus, Plaintiffs were fully heard.

Second, the Massachusetts District Court issued two well-reasoned opinions in support of its decisions. "Reasoned supporting opinions reveal whether or not particular issues were actually decided in the prior adjudication, leading subsequent adjudicators to more readily apply issue preclusion in the presence of 'thorough and thoughtful opinion[s.]'" *NCAA v. Corbett*, 79 F. Supp. 3d 536, 544 (M.D. Pa. 2017) (quoting *In re Docteroff*, 133 F.3d 210, 215–16 (3d Cir. 1997)). In a thirty-one page opinion, the Massachusetts District Court conducted its *Alice* analysis and clearly articulated its basis for concluding that claim 31 of the '850 Patent and claim 12 of the '996 Patent are patent-ineligible. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014). The court then issued a second well-reasoned opinion wherein it concluded that claim 31 and claim 12 are representative of all of Plaintiffs' claims in the '850 and '996 Patents because all of the claims for the respective Patents are substantially similar and linked to the same abstract ideas. (Defs.' Mot. J. Pleadings, Ex. D, Doc. 204.)

Plaintiffs argue that the Massachusetts District Court incorrectly determined that the asserted claims of the '850 and '996 Patents were invalid. (Pls.' Opp'n Defs.' Mot. J. Pleadings, 5 n.4, Doc. 207.) However, in determining whether collateral estoppel applies, this Court may

6

not consider whether the prior finding of invalidity was correct. *Kaiser Indus. Corp.*, 515 F.2d at 976. This Court has examined the Massachusetts District Court's decision only to ensure that that decision was not based on "such a blatant misunderstanding of the relevant legal principles as to make application of the estoppel doctrine inequitable." *Id.* (quoting *Sampson v. Ampex Corp.*, 478 F.2d 339, 342–43 (2d Cir. 1973).

Finally, the Court recognizes that the prior decisions of the Massachusetts District Court are not yet appealable. However, this fact is not dispositive of the issue of finality. In light of the strong policy considerations behind the issue preclusion doctrine, the Court finds that Defendants have satisfied the finality element. "[P]reclusion is necessary to serve the interest of judicial economy and comity. These policies apply here." *Corbett*, 79 F. Supp. 3d at 543. Judicial economy would not be served were this Court to undertake an independent review of the patentability of the '850 and '996 Patents because the Court is satisfied that the Massachusetts District Court conducted an appropriate assessment of Plaintiffs' claims and have concluded that said claims are patent-ineligible. Therefore, the Court finds that the Massachusetts District Court's order granting judgment on the pleadings constitutes a final judgment. *See J. R. Metzger, Inc. v. Mackin*, 1986 U.S. Dist. LEXIS 30564, *7–8 (E.D. Pa. Jan. 13, 1986) (holding that an order granting defendants' motion for judgment on the pleadings was a valid final judgment for res judicata purposes).

### B. Remaining Elements

Although Plaintiffs' have not contested the remaining elements of issue preclusion, the Court has determined that Defendants have satisfied each of the remaining elements of issue preclusion. In addition to finality, the doctrine of issue preclusion requires the issue in the present litigation to be identical to the issue previously adjudicated, the issue to have been

7

actually litigated, the previous determination of the issue to have been necessary to the decision, and the party being precluded from relitigating the issue to have been fully represented in the prior action. *Johnson*, 608 F. App'x. at 127.

The Court finds that each of these additional elements has been satisfied. First, in the prior litigation, the Massachusetts District Court was asked to determine whether claim 31 of the '850 Patent and claim 12 of the '996 Patent were patent ineligible under 35 U.S.C. § 101. *See InfoBionic, Inc.*, 2017 U.S. Dist LEXIS 68241, at *1. This is precisely the same issue that this Court has been asked to adjudicate in the present matter. Second, the Massachusetts District Court's adjudication came after the Parties had a full and fair opportunity to brief and argue the issues; thus the issues were actually litigated. Third, the Massachusetts District Court's decision granting defendant's motion for judgment on the pleadings was based on that court's determination that claims 12 and 31 were patent-ineligible. Thus, the determination of the invalidity of claims 12 and 31 were necessary to the Massachusetts District Court's decision to grant defendant's motion.

> The requirement that a preclusive finding must have been necessary to a judgment is rooted in principles of fairness. "[P]arties should be estopped only on issues they actually deem important, and not on incidental matters." Because litigants are likely to view an issue that is necessary to the resolution of a case as important and to litigate it vigorously, it is fair to give such a determination preclusive effect.

*L'Oreal USA, Inc.*, 458 F.3d at 250 (quoting *Lynne Carol Fashions, Inc. v. Cranston Print Works Co.*, 453 F.2d 1177, 1183 (3d Cir. 1972). Finally, Plaintiffs, against whom estoppel is asserted in this matter, were the same plaintiffs in the prior litigation. Plaintiffs were represented before the Massachusetts District Court by competent counsel and had a full opportunity to brief the issues. Therefore, the Court finds that Plaintiffs were fully represented in the prior action.

### C. Effect of the Parties' Stipulation

Plaintiffs argue that Defendants should be precluded from challenging the patentability of the asserted '996 Claims because Defendants stipulated that Defendants would not challenge the validity of the '996 Claims. (Pls.' Opp'n Defs.' Mot. J. Pleadings 1, Doc. 207.) However, this Court is not bound by the Parties' Stipulation with respect to the patent eligibility of the asserted claims because patent validity under § 101 is a question of law. *Fort Props., Inc. v. Am. Master Lease LLC*, 671 F.3d 1317, 1320 (Fed. Cir. 2012). Whether a claim is patent-eligible under § 101 "is a threshold inquiry." *In re Bilski*, 545 F.3d 943, 950 (Fed. Cir. 2008), *aff'd sub nom. Bilski v. Kappos*, 561 U.S. 593 (2010). If a claim does not survive § 101 scrutiny, it "must be rejected even if it meets all the other legal requirements of patentability." *Id.* Thus, the Court cannot allow Plaintiffs to proceed with their claims in light of the Massachusetts District Court's finding that the asserted '850 and '996 Claims are patent-ineligible under § 101.

## IV.  CONCLUSION

The central question in determining whether collateral estoppel should apply is whether the party against whom the doctrine is invoked has had "a full and fair opportunity to present his claim in the prior litigation." *Scooper Dooper, Inc.*, 494 F.2d at 844. For the reasons stated above, the Court finds that Plaintiffs have had a full and fair opportunity to present their claims in the prior litigation. Therefore, Defendants' Motion is GRANTED. An order consistent with this memorandum follows.